## IN THE UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF GEORGIA
## ATLANTA DIVISION

| | | |
|---|---|---|
| HWAN C. NO, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | **CIVIL ACTION** |
| v. | ) | **FILE NO. _____** |
| | ) | |
| TOMORROW ENTERPRISE, | ) | |
| INC. d/b/a WINGS PUB | ) | **JURY TRIAL DEMANDED** |
| and SOO HONG LEE, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

## COMPLAINT

COMES NOW Plaintiff Hwan C. No, ("Plaintiff"), by and through his

counsel, Brian Kim of Leon and Kim, LLC, files this Complaint alleging as

follows:

## NATURE OF THIS ACTION

1.

This action brought under the Fair Labor Standards Act of 1938 ("FLSA"),

as amended, 29 U.S.C.§201 et seq., in which Plaintiff seeks compensatory and

liquidated damages against Defendants for their failure to pay federally-mandated

overtime wages during Plaintiff's employment with Defendants.

## PARTIES

2.

Hwan C. No ("Plaintiff"), the named Plaintiff in this action, is an individual who resides in the Northern District of Georgia.

3.

Defendant, Tomorrow Enterprise, Inc. d/b/a Wings Pub ("Tomorrow Enterprise"), is a corporation which maintains, and, at all times relevant hereto, maintained offices in the State of Georgia, and transacts and has transacted regular, not isolated, acts of business in Cobb County.

4.

Defendant Tomorrow Enterprise can be served by delivering a copy of summons and complaints to its registered agent, Lee Soo Hong, at 1368 Atlanta Rd SE, STE 115, Marietta, Georgia 30060.

5.

Based upon information and belief, Defendant Tomorrow Enterprise's annual gross volume of sales is more than $500,000, subjecting Defendant Tomorrow Enterprise to the requirements of the FLSA.

6.

Defendant Tomorrow Enterprise is and was, at all times relevant to this

action, an "employer" within the meaning of FLSA, 29 U.S.C. § 203(d), an "enterprise" within the meaning of FLSA, 29 U.S.C. § 203(r), and "engaged in commerce" within the meaning of the FLSA, 29 U.S.C. §§ 203(s)(1), 206, and 207.

7.

Defendant Tomorrow Enterprise was at all relevant times aware of the existence and requirements to pay non-exempt employees who work longer than forty (40) hours in a workweek one and one-half times the employee's regular rate of pay for the hours worked within the workweek in excess of forty (40) hours.

8.

Defendant Lee Soo Hong ("Hong"), individual, may be served by delivering a copy of summons and complaints to him at 1368 Atlanta Rd SE, STE 115, Marietta, Georgia 30060.

9.

According to the Georgia Secretary of State's Business Entity Annual Report, Defendant Hong is and was at all times relevant to this action the president and owner of Tomorrow Enterprise.

10.

As the president, Defendant Hong was involved in the day-to-day operation

of Defendant Tomorrow Enterprise, including, without limitation, the policies governing the company, leading and directing the work of others, and formulating and implementing plans for the company.

11.

Defendant Hong exerts substantial control over Defendant Tomorrow Enterprise in compliance with the definition of "employer" under the Fair Labor Standard Act of 1938.

12.

Defendant Hong has the power to hire and fire employees, including, without limitation, individuals employed by Defendant Tomorrow Enterprise in the same capacity as the Plaintiff.

13.

Defendant Hong controls employee work schedules and conditions of employment, including, without limitation, individuals employed by Defendant Tomorrow Enterprise in the same capacity as the Plaintiff.

14.

Defendant Hong determines the rate and method of payment for employees including, without limitation, individuals employed by Defendant Tomorrow Enterprise in the same capacity as the Plaintiff.

15.

At all times relevant to this action, Defendant Hong oversaw and had the responsibility for maintaining employment records including, without limitation, individuals employed by Defendant Tomorrow Enterprise in the same capacity as the Plaintiff.

16.

Defendant Hong is and was at all times relevant to this action the owner of Defendant Tomorrow Enterprise, and acted directly or indirectly as Plaintiff's employer.

17.

Defendant Hong is subject to the requirements of the FLSA because he was working on behalf of Defendant Tomorrow Enterprise and exerts control over employees.

18.

Defendant Hong was at all relevant times aware of the existence and requirements to pay non-exempt employees who work longer than forty (40) hours in a workweek one and one-half times the employee's regular rate of pay for the hours worked within the workweek in excess of forty (40) hours.

## JURISDICTION

### 19.

Jurisdiction over this action is conferred on this Court by section 216(b) of the FLSA, 29 U.S.C. §216(b) as well as 28 U.S.C. §1331.

## VENUE

### 20.

Venue is proper in the Northern District of Georgia in that a substantial part of the events or omission giving rise to the claim took place in Marietta, Cobb County, which is within this judicial District.

## FACT

### 21.

Hwan C. No ("Plaintiff") is a former employee of Defendants.

### 22.

Beginning in May 17, 2007 and continuing until March 31, 2016, Plaintiff was employed by Defendants at 1368 Atlanta Rd SE, STE 115, Marietta, GA 30060.

### 23.

Based on information and belief, Defendant Hong has ownership interest in Defendant Tomorrow Enterprise.

24.

Throughout Plaintiff's employment, Plaintiff worked as a restaurant manager, and his primary duties included serving customers, operating the cash register, opening and closing the store, taking orders, cleaning, and occasionally posting hiring ads.

25.

Plaintiff carried out the day-to-day business affairs of Defendants and was not involved in determining the overall course of business.

26.

Plaintiff's suggestions and recommendations as to the hiring, firing, advancement, promotion or any other change of status of Defendants' employees were not given particular weight.

27.

Plaintiff did not have the authority to hire or fire Defendants' employees.

28.

Plaintiff's primary duty did not include the exercise of discretion and independent judgment with respect to Defendants' matters of significance.

29.

At all times relevant to this action, Plaintiff was not exempt from the

overtime pay requirements provided by the FLSA, 29 U.S.C. §§ 201 *et seq*.

30.

Under Defendant Hong's direction, Plaintiff occasionally posted hiring ads and passed the applicants' information to Defendants.

31.

Plaintiff merely gave Defendant Hong his opinion on applicants when Defendants Hong asked Plaintiff how they looked.

32.

Defendants never hired any of the applicants Plaintiff gave his opinion on.

33.

Defendants paid Plaintiff a salary in the amount of $3,200 per month from May 2007 to March 2016.

34.

Plaintiff's salary was intended to compensate forty (40) hours of work per week.

35.

Plaintiff's regular hourly rate was $18.46.

36.

From April 2013 until March 2016, Plaintiff worked an average of sixty (60)

hours per workweek.

37.

Defendants had direct control over Plaintiff's work schedule during Plaintiff's employment with Defendants.

38.

Defendants failed to provide Plaintiff with compensation of one and one-half times the regular rate, which was $25.85, for his work in excess of forty hours in a workweek.

**CLAIM FOR RELIEF**

**VIOLATION OF THE FAIR LABOR STANDARDS ACT (FLSA)**

39.

Plaintiff re-alleges and incorporates by reference each of the foregoing paragraphs of its complaint as if set forth fully herein. Plaintiff was regularly compelled to work more than forty hours per week.

40.

Under the FLSA, Defendants were required to pay Plaintiff one and one-half times his regular rate of pay for all hours worked over forty (40) hours per workweek.

41.

Pursuant 29 U.S.C. § 213, Plaintiff was not exempt from the overtime requirements of the FLSA.

42.

Defendants failed to pay Plaintiff one and one-half times his regular rate of pay for each hour worked over forty (40) hours in a week. Instead, Defendants merely paid Plaintiff a fixed wage regardless of the hours worked.

43.

The Defendants' unlawful acts, omissions, and practices concerning the terms, conditions, and provisions of Plaintiff's employment violate the FLSA.

44.

As a direct result of Defendant's unlawful acts, omissions, and practices, Plaintiff suffered a loss of income of $516.92 per week or $78,572.31 during the past three (3) years.

45.

The defendants' willful violation of the FLSA shows reckless disregard of Plaintiff's right to receive appropriate overtime compensation for his work for Defendants.

46.

Defendants owe the Plaintiff, jointly and severally, overtime pay for the lack

of compensation for his work performed, plus liquidated damages in an equal
amount pursuant to 29 U.S.C. § 216(b).

47.

Pursuant to Section 216(b) of the FLSA, Defendants owe Plaintiff jointly
and severally, for reasonable attorney fees.

WHEREFORE, Plaintiff demands relief as follows:

1. Instruct the Clear of Court to issue summons that are attached herein;

2. An order finding the Defendants violated sections 215(a)(2) and 216(b) of
   the FLSA;

3. Judgment in favor of Plaintiff against Defendants for unpaid overtime
   compensation together with liquidated damages;

4. Pursuant section 216(b) of the FLSA, judgment in favor of Plaintiff against
   Defendants for reasonable attorney fees;

5. Judgment in favor of Plaintiff against Defendants for all taxable and non-
   taxable costs;

6. Pursuant to the Seventh Amendment of the United States Constitution and
   Rule 38, F.R. Civ. P., TRIAL BY JURY on all claims on which a jury is
   available; AND

7.  Such other, further and different relief as this Court deems appropriate.

This 13th day of July, 2016.

Leon and Kim, LLC

*/s/ Brian G. Kim*
Brian G. Kim
Georgia. Bar No. 479330
Alabama Bar No. 1288R67G

1815 Satellite Blvd #303
Duluth, Ga 30097
Telephone: 678.878.4200
E-Mail: brian@leonandkim.com

## LR 5.1(C) CERTIFICATION

I do hereby certify that this document has been prepared in Times Roman font, 14 point, in compliance with LR 5.1(C) of this Court.